Dear Mr. Fanning:
I am in receipt of your request for an Attorney General's opinion on behalf of the Jefferson Parish School Board regarding LSA- R.S. 17:1171. You indicate that there appears to be a conflict between LSA-R.S. 17:1171
and Section 3 of Act 1342 of the 1999 Regular Legislative Session. You express concern as to whether Section 3 of the Act referring to savings related to the elimination of rest and recuperation sabbatical leaves indicates that medical leave sabbaticals, as having replaced rest and recuperation sabbatical leaves, have been eliminated altogether. The Jefferson Parish School Board is seeking an opinion as to the effects on the statute occasioned by this Act.
The Board requests an interpretation of the Act as it relates to LSA-R.S. 17:1171 mandating medical sabbaticals as follows:
 1) Are rest and recuperation sabbaticals different than medical sabbaticals?
 2) If rest and recuperation sabbaticals are the same, then were medical sabbaticals eliminated?
During the 1999 Regular Legislative Session, provisions in Title 17 of the Louisiana Revised Statutes relating to both extended sick leave and sabbatical leave for health purposes were amended by Acts 1341 and 1342, respectively. Act 1341 amended LSA-R.S. 17:1202 to replace the provisions for what is commonly referred to as "Gayle pay" with provisions requiring that teachers be permitted no more than 90 days extended sick leave each six year period. Act 1342 amended LSA-R.S. 17:1171 and companion statutes relating to sabbatical leave by, among other things, eliminating sabbatical leave for the purposes of rest and recuperation and adding sabbatical leave for the purposes of medical leave. Both Acts set the rate at which teachers on such leave should be paid and the manner in which savings resulting from the changes to these provisions should be utilized.
Prior to 1999, LSA-R.S. 17:1171 provided for sabbatical leaves for the purpose of rest and recuperation. The information required to receive a sabbatical for the purpose of rest and recuperation, as set forth in LSA-R.S. 17:1175 prior to 1999, included statements from two physicians certifying that the health of the applicant is such that the granting of such leave would be proper and justifiable. Prior to 1999, LSA-R.S.17:1177 provided that every person on sabbatical leave for the purpose of rest and recuperation shall spend such leave in a manner calculated to attain that purpose. The rate of pay a teacher was to receive while on sabbatical leave prior to 1999 was either fifty percent (50%) of the minimum salary allowed a beginning teacher or the difference between the salary he or she would have received and the compensation of a substitute.
As amended by Act 1342 of the 1999 Regular Legislative Session and Act682 of the 2003 Regular Legislative Session, the pertinent sabbatical leave provisions provide as follows:
LSA-R.S. 17:1171
 A. Members of the teaching staff of public schools in all parishes and municipalities of the state of Louisiana shall be eligible for sabbatical leaves, for the purpose of professional or cultural improvement or medical leave for the two semesters immediately following any twelve or more consecutive semesters of active service in the parish where the teacher is employed, or for the one semester immediately following any six or more consecutive semesters of service.
* * *
LSA-R.S. 17:1175
 A. No person whose application for sabbatical leave has been granted shall be denied such leave.
* * *
 C. (2)(a) Every application for sabbatical medical leave shall be accompanied by a statement from a licensed physician certifying that the leave is medically necessary.
 (b)(i) If the board, upon review of the application, questions the validity or accuracy of the certification, the board may require the applicant, as a condition for continued consideration of the application, to be examined by a licensed physician selected by the board. In such a case, the board shall pay all costs of the examination and any tests determined to be necessary. If the physician selected by the board finds medical necessity, the application shall be granted.
 (ii) If the physician selected by the board disagrees with the certification of the physician selected by the applicant, then the board may require the applicant, as a condition for continued consideration of the application, to be examined by a third licensed appropriate physician whose name appears next in the rotation of physicians on a list established by the local medical society or such purpose and maintained by the school board. All costs of an examination and any required tests by a third doctor shall be paid by the board. The opinion of the third physician shall be determinative of the issue.
 (c) The opinion of all physicians consulted as provided in this Paragraph shall be submitted to the board in the form of a sworn statement, as referenced in R.S. 14:125.
 (d) All information contained in any statement from a physician shall be confidential and shall not be subject to the public records leave law.
 LSA-R.S. 17:1177
 A. (1) Every person on medical leave is prohibited from undertaking any gainful employment during such leave unless all of the following conditions are met:
 (a) The teacher can demonstrate that he will be working not more than twenty hours a week in a part-time job that he has been working for not less than one hundred twenty days prior to the beginning of such leave.
 (b) The doctor who certifies the medical necessity of the leave indicates that such part-time work does not impair the purpose for which the leave is granted.
(c) The board authorizes such part-time work.
 (2) Violation of the prohibition in this Subsection shall result in the medical leave being rescinded.
* * *
 C. (1) Each person granted sabbatical leave as a condition of the leave shall be prohibited from being employed during his leave by any public or private elementary or secondary school in Louisiana or in any other state.
 (2) The board may grant such additional leave or compensation as it may establish and fix.
LSA-R.S. 17:1184
 Each person granted sabbatical leave shall receive and be paid compensation at the rate of sixty-five percent of the person's salary at the time the leave begins.
Among the changes made by Act 1342 of the 1999 Regular Legislative Session was the elimination of a sabbatical leave for the purposes of rest and recuperation and the addition of a medical leave sabbatical. The medical leave sabbatical is not simply a substitution in terminology for the sabbatical leave for the purposes of rest and recuperation. The requirements for receiving a medical leave sabbatical and the restrictions placed on a recipient differ from the provisions that regulated sabbatical leaves for the purposes of rest and recuperation. Pursuant to LSA-R.S. 17:1175(C)(2)(a), in order to receive a medical leave sabbatical, a teacher is required to submit a statement from a licensed physician certifying that the leave is medically necessary. In addition, LSA-R.S. 17:1175(C)(2)(b) sets forth a process by which school boards can seek a second and third physician's opinion should they question the validity or accuracy of the physician's opinion submitted by the teacher. LSA-R.S. 17:1177(A) regulates secondary employment while on a medical leave sabbatical.
In answer to your first question, medical leave sabbaticals are different from rest and recuperation sabbaticals, as demonstrated by the different requirements for receipt and the standards after receipt of each type of sabbatical. As a result of the elimination of rest and recuperation sabbaticals, the legislature recognized that savings to local education agencies may follow. Section 3 of Act 1342 of the 1999 Regular Legislative Session, as amended by Act 338 of the 2001 Regular Legislative Session, provides a formula for the distribution of savings realized as a result of the elimination of sabbaticals for rest and recuperation. It provides as follows:
 Section 3. Beginning in the 1999-2000 school year, each full-time classroom teacher employed in a public elementary and secondary school, in a state school for the deaf, blind, spastic, and cerebral palsied and in special school district Number One whose employment requires a regular teacher's certificate shall receive an increase in compensation by the employing board funded from monies saved as a result of the elimination of the requirement of law for the granting of rest and recuperation sabbatical leaves as provided in this Act. This increase in teacher compensation shall be in addition to any other increase granted to full-time certificated classroom teachers by a city or parish school board funded through a state appropriation whether through the minimum foundation program formula or otherwise. Such monies saved shall be the average of the total amount expended in a given city or parish school system or state school on such sabbaticals during the 1998-1999 school year and the three school years preceding the 1998-1999 school year. In each year after 1999-2000, the monies saved shall be the yearly average of the total amount expended in the previous three years. This calculation shall continue and savings shall be distributed as provided in this Section until there are no years included in which money was expended on such sabbaticals. The manner in which such increase may be applied to teacher compensation within a given local school system shall be determined by the city or parish school board for those teachers employed by such school board, and by the State Board of Elementary and Secondary education for those teachers who are employed by the state board.
It is the opinion of this office that reference to "the elimination of the requirement of law for the granting of rest and recuperation sabbatical leaves" in Section 3 does not indicate that medical leave sabbaticals have been eliminated. As stated above, medical leave sabbaticals are different from rest and recuperation sabbaticals. Act1342 of the 1999 Regular Legislative Session created medical leave sabbaticals and there have been no amendments to LSA-R.S. 17:1171 since that time that have removed the provision. Teachers meeting the requirements outlined in LSA-R.S. 17:1171, et seq. continue to be eligible to receive a sabbatical for medical leave.
Question two does not need to be addressed since medical leave sabbaticals are different from rest and recuperation sabbaticals.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: __________________________________ Katherine M. Whitney Assistant Attorney General
CCF, Jr.:KMW:lrs